TIMOTHY M. BURGESS
United States Attorney

RETTA-RAE RANDALL
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: 907/271-5071

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:06-cr- |
| ) | |
| v. ) | |
| ) | |
| LARRY CSONKA, *dba*, ) | **PLEA AGREEMENT** |
| ZONK! PRODUCTIONS, ) | |
| ) | |
| Defendant. ) | |

## I.    Introduction.

### A.    *Summary.*

This brief introduction sets forth a summary of the terms of the Plea Agreement

between LARRY CSONKA, *dba*, ZONK! PRODUCTIONS, the defendant, and the

United States. This summary is not intended to supercede the language that follows this subsection.

The defendant agrees to plead guilty to the Information filed by the United States Attorney charging him with two (2) misdemeanor offenses of knowingly conducting commercial work activity on National Forest Service land without a special use permit, in violation of Title 36, Code of Federal Regulations, Section 261.10(c).

The United States and the defendant further agree that restitution in the amount of $3,887.00 is appropriate in this case. The defendant also agrees that a condition of probation will be an agreement on his part and that of his company to not violate National Forest Service filming regulations at any time in the future, and to take responsibility for ascertaining the owner of all properties upon which filming is to occur. Another condition of probation will be an agreement that none of the footage filmed on National Forest Service property during the trip to Cordova beginning on August 31st, 2005, will ever be used for a commercial purpose. The government will be recommending a sentence of probation of one (1) year and a fine of $5,000.

## B.    *Complete Agreement.*

This document contains the complete Plea Agreement between the United States and LARRY CSONKA, *dba*, ZONK! PRODUCTIONS. No other agreement,

understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

The defendant and his counsel understand this plea agreement is not final until (1) it has been signed by the United States Attorney; (2) the fully executed agreement has been filed with the Court; and (3) the court has accepted defendant's guilty plea.

## C.    *Federal Rules of Criminal Procedure.*

The parties expressly agree and acknowledge that this Plea Agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1) (A) and (B). This means that the defendant may not withdraw from this agreement unless the United States brings additional charges arising from this investigation. This also means that the court may accept or reject the recommendations or requests of the parties. Fed. R. Crim. P. 11(e)(2). The defendant may not withdraw from this agreement if the court deviates from the sentencing recommendations made by the United States or by defense counsel. Neither the defendant nor the court is bound by the government's sentencing estimates.

The parties agree that if the defendant's guilty plea is rejected, withdrawn, set aside, vacated or reversed at any time, the United States will be free to prosecute the

defendant on all charges covered by this agreement, including any charges that might have been brought but for this agreement.

### D.    *United States Sentencing Guidelines.*

The sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. USSG § 1B1.9.

### E.    *Attorney's Fees and Costs.*

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II.    What the Defendant Agrees to Do.

LARRY CSONKA, *dba*, ZONK! PRODUCTIONS agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the Court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

## A.   *Charges.*

LARRY CSONKA, *dba*, ZONK! PRODUCTIONS is charged with two (2) misdemeanor offenses of knowingly conducting commercial work activity on National Forest Service land without a special use permit, in violation of 36, C.F.R., Section 261.10(c) in an Information filed by the United States Attorney for the District of Alaska.  Pursuant to this written agreement, the defendant agrees to plead guilty to the charges set forth in the Information.  The defendant agrees to freely and openly acknowledge responsibility for the acts and omissions constituting the factual basis for his pleas of guilty to the offenses charged in the Information, and he further agrees that restitution in the amount of $3,887.00 is appropriate in this case.

There is no agreement as to the length of probationary sentence to be imposed in this case or the amount of a fine.  The defendant understands that the imposition of a fine is required by statute upon a finding that the defendant has the ability to pay one.  The government will be recommending a probationary sentence of one (1) year and a fine of $5,000.00.

The defendant does agree that a condition of his probation will be an agreement on his part and that of his company to not violate National Forest Service filming regulations at any time in the future, and to take responsibility for ascertaining the owner of all properties upon which filming is to occur.  Another condition of

probation will be an agreement that none of the footage filmed on National Forest Service property during the trip to Cordova beginning on August 31st, 2005, will ever by used for a commercial purpose.

**B.   *Restitution.***

The parties agree that the defendant will pay restitution in the amount of $3887.00 which is due and owing in this matter.

**C.   *Fine.***

The parties have no agreement as to the amount of any fine which may be imposed.

**D.   *Special Assessment.***

At sentencing, pursuant to 18 U.S.C. § 3013(a), the defendant will pay the special assessment fee of $10.00 for each count of conviction.

**E.   *Waivers of appellate and collateral attack rights.***

The defendant understands that by pleading guilty he waives his right to appeal his conviction. The defendant also understands and agrees that as consideration for the government's commitments under this Plea Agreement, and if the Court accepts this Plea Agreement and imposes a sentence pursuant to this Plea Agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence – including any conditions of probation imposed. Furthermore, the

defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to his conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the Court imposes sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

F.    *Waiver of Right to Jury Trial on Sentencing Factors.*

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the Information, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly acknowledges that his pleas to the charged offenses authorize the Court to impose a sentence, even if it deviates from this Plea Agreement.

### III.    What the Government Agrees to Do.

In exchange for the defendant's pleas of guilty to the misdemeanor offenses of knowingly conducting commercial work activity on National Forest Service land without a special use permit, in violation of 36, C.F.R., Section 261.10(c) as charged in the Information in this case, the United States agrees to not prosecute the defendant further for any offenses  –  now known  – arising out of the subject of the investigation.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, or if the Court rejects the Plea Agreement in this case, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

### IV.    Advisement of Maximum Penalties and Conditions of Sentence.

#### A.    *Maximum Penalties.*

The maximum statutory penalties which may be imposed for a misdemeanor violation of 36 C.F.R. § 261.10(c) as charged in the Information are (1) a term of imprisonment of six months, (2) a fine of $10,000, (3) a term of probation of five years; and (4) a  special assessment of $10.00.

U.S. v. Zonka                                    -8-                                    Plea Agreement

**B.**    *Costs of Imprisonment.*

Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

**C.**    *Interest.*

Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

**D.**    *Supervised Release.*

Upon violating any condition of probation or supervised release, a further term of imprisonment equal to the period of the probation or supervised release may be imposed, with no credit for the time already spent on probation or supervised release.

**E.**    *Restitution.*

The Court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

**F.**    *Payments.*

All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

## V.    Elements of the Offense.

The parties agree that the charge of knowingly conducting commercial work

activity on National Forest Service land without a special use permit in violation of

36 C.F.R. § 261.10(c), has the following elements:

First, the defendant knowingly conducted any kind of commercial work activity

or service on National Forest System lands;

Second, the commercial work activity was not authorized by Federal law,

regulation, or special-use authorization.

## VI.    Factual Basis for the Plea.

The parties stipulate and agree to the truth of the following factual statement:

On or about August, 2002, Larry Csonka, *dba* Zonk! Productions, filmed an

episode of *Stihl's North to Alaska* television series along the Blind River Area,

Mitkof Island, in the Tongass National Forest.   Zonk! Productions was created by

Larry Csonka and others to produce *Stihl's North to Alaska,* which airs on the

Outdoor Life Network television, with the intention to commercially market their

show and associated products; Zonk! Productions has filmed in Alaska since 1998.

The film of the Blind River Area was subsequently broadcast in May, 2003.  Larry

Csonka   *dba* Zonk! Productions did not obtain a special use permit for this

commercial work, although they had been informed that one needed to be obtained.

On or about September, 2005, Larry Csonka, *dba* Zonk! Productions, filmed another episode for the televison show *North to Alaska* in the Alaganik Slough at Cordova, Alaska. This filming was for a show on the Chugach National Forest. Again, Larry Csonka *dba* Zonk! Productions did not obtain a special use permit for this commercial work.

## VII.   Adequacy of the Agreement.

Pursuant to CR 11.2(d)(7) and (8), this plea agreement is appropriate in that it contemplates a sentence in accord with the statutory requirements and reflects the seriousness of the actual offense behavior. The recommended sentence will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## VIII. Defendant's Agreement and Understanding of the Terms of this Plea Agreement.

I, LARRY CSONKA, *dba*, ZONK! PRODUCTIONS, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this Plea Agreement as follows:

A.    I wish to enter pleas of guilty to the Information, which charges me with two (2) misdemeanor offenses of knowingly conducting commercial work activity on National Forest Service land without a special use permit, in violation of, 36 C.F.R. § 261.10(c).

B.    My attorney has explained the charges to which I am pleading guilty, the necessary elements, and the consequences of my plea.

C.    I am admitting that the allegations against me in the Information and the factual basis for my plea are true.

D.    I understand that by pleading guilty I give up and I agree to waive the following rights:

--    The right to plead not guilty or to persist in that plea if it has already been made;

--    The right to a speedy and public trial by a jury on the issues of my guilt;

--    The right to object to the composition of the petit jury;

--    The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

--      The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

--      The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

--      The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

--      The right to contest the validity of any searches conducted on my property or person;

E.      I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the Court accepts this agreement and imposes a sentence no greater than the statutory maximums available for this offense. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel – based on information

not now known by me and which, in the exercise of due diligence, could not be known by me by the time the Court imposes the sentence--which affected either my guilty plea or the sentence imposed by the Court. I am fully satisfied with the representation given me by my attorney, Kevin T. Fitzgerald. We have discussed all possible defenses to the charges in the Information. My attorney has investigated my case and followed up on any information and issues I have raised with my attorney to my satisfaction and my attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case.

        F.      I further understand that if I plead guilty, there will not be a trial and that the Court will ask me under oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

        G.      I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

H.    I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. I understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the Court might impose are only estimates and do not bind the Court. I understand that the Court has the ultimate discretion to determine the sentence to be imposed in my case. However, I also understand that if the Court deviates from the sentencing agreements made by the parties in this case, I can withdraw my guilty plea or from this agreement.

I.    I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

J.    This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the Court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K.    I have read this Plea Agreement carefully and understand it
thoroughly. I know of no reason why the Court should find me incompetent to enter
into this agreement or to enter my plea. I understand the consequences of my guilty
plea. I enter into this agreement knowingly and voluntarily.

I therefore wish to enter pleas of guilty to the Information which charges me
with the two misdemeanor counts of knowingly conducting commercial work activity
on National Forest Service land without a special use permit in violation of 36, Code
of Federal Regulations, § 261.10(c).

DATED: ___1/13/06___

LARRY CSONKA, *dba,*
ZONK! PRODUCTIONS
Defendant

As counsel for the defendant, I have discussed with him the terms of this Plea
Agreement, have fully explained the charge(s) to which he is pleading guilty and the
necessary elements, all possible defenses, and the consequences of his plea. Based
on these discussions, I have no reason to doubt that the defendant is knowingly and
voluntarily entering into this agreement and entering pleas of guilty. I know of no
reason to question his competency to make these decisions. If, prior to the imposition
of sentence, I become aware of any reason to question the defendant's competency
to enter into this Plea Agreement or to enter a plea of guilty, I will immediately
inform the Court.

DATED: ___1/13/06___

KEVIN T. FITZGERALD
Attorney for LARRY CSONKA, *dba,*
ZONK! PRODUCTIONS

On behalf of the United States, the following accept LARRY CSONKA, *dba*, ZONK! PRODUCTIONS's offer to plead guilty under the terms of this Plea Agreement.


DATED: January 13, 2006


RETTA-RAE RANDALL
Assistant U.S. Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: rettarae.randall@usdoj.gov


DATED: January 17, 2006


TIMOTHY M. BURGESS
United States Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: tim.burgess@usdoj.gov