DEBORAH M. SMITH
Acting United States Attorney

RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:06-cr-0002-JDR |
| | ) |
| Plaintiff, | ) |
| | ) **SENTENCING** |
| vs. | ) **MEMORANDUM OF THE** |
| | ) **UNITED STATES** |
| LARRY CSONKA, dba | ) |
| ZONK! PRODUCTIONS, | ) |
| | ) |
| Defendant. | ) |

The United States files with the court its sentencing memorandum in the above captioned case pursuant to Local Criminal Rule 32.1(d)(1), for the Imposition of Sentence scheduled for April 19, 2006.  The parties have waived a pre-sentence investigation.

I.  **PLEA AGREEMENT PURSUANT TO 11(c)(1)(A) & (B).**

The parties expressly agreed that the Plea Agreement filed in this case was entered into and was to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). (Dkt. 4) This means that the defendant may not withdraw from this agreement unless the United States brings additional charges arising from this investigation. This also means that the court may accept or reject the recommendations or requests of the parties. Fed. R. Crim. P. 11(e)(2).

II. **OFFENSE CONDUCT**

Zonk! Productions, Inc. was created by Larry Csonka ("Csonka") and others to produce *Stihl's North to Alaska,* with the intention to commercially market the show and their associated products; it airs on TNN. Incorporated in the State of Florida in 1997, Zonk! Productions has filmed in Alaska since 1998. (See Exhibit 1, Exhibit 3 at 10.)

Larry Csonka pled guilty on February 1, 2006, to two counts of knowingly conducting commercial work activity on National Forest Service land without a special use permit in violation of 36 C.F.R. § 261.10(c). Specifically, he admitted that on or about August, 2002, Zonk! Productions illegally filmed an episode of *Stihl's North to Alaska* television series along the Blind River Area, Mitkof Island, in the Tongass National Forest. The film of the Blind River Area was subsequently

broadcast in May, 2003. Csonka also admitted that in September, 2005, Zonk! Productions filmed another episode for the televison show *North to Alaska* in the Alaganik Slough at Cordova, Alaska. This filming was for a show on the Chugach National Forest. Special use permits for this commercial work were not obtained from the National Forest Service, although Csonka and other executive producers of the company knew that permits needed to be obtained.

      This was not the only filming done by Csonka and company without a permit. The basis of the restitution amount due and owing, agreed by Csonka to be paid as part of his probation and the plea agreement filed in this case, results from the estimated amount of permit costs he should have paid for previous films, each of which is summarized in the chart below. For additional details about these shows, see attached Exhibit 2 and the maps showing the location on National Forest Service property of some of the productions.

//

//

//

# Airdates of CSONKA's North to Alaska with nexus to National Forest

## Estimated Cost of Filming Conducted by CSONKA

| Airdate | Show | Estimated Days on Forest | Fee Unit * | Total Estimate |
|---|---|---|---|---|
| **1999** | | | | |
| 5/19/1999 | Show # 98007, Title - Yes Bay Lodge /Boardwalk Wilderness Lodge | 2 | $150.00 | $300.00 |
| **2000** | | | | |
| 2/11/2000 | Episode #99006, Title - Skagway/Juneau Rafting the Mendenhall River | 1 | $152.00 | $152.00 |
| 7/16/2000 | Episode #00003, Title - Wrangell, Fishing the Stikine River | 5 | $152.00 | $760.00 |
| 9/17/2000 | Episode #00012, Title - Yakutat, Fishing for Silver Salmon on the Situk River | 3 | $152.00 | $456.00 |
| **2001** | | | | |
| 1/14/2001 | Episode #2, Title - Halibut, Lingcod, Grayling, Bears | 1 | $155.00 | $155.00 |
| 3/25/2001 | Episode #12, Title - Chums, Dollies, Halibut, Crab | 2 | $155.00 | $310.00 |
| **2002** | | | | |
| 4/27/2002 | Episode #4, Title - SE Cruise | 2 | $159.00 | $318.00 |
| 6/08/2002 | Episode #10, Title - Yakutat, Fishing in the Situk River | 4 | $159.00 | $636.00 |
| **2003** | | | | |
| 4/19/2003 | Episode #3, Title - Bear Paw Lodge | 2 | $160.00 | $320.00 |
| 5/03/2003 | Episode #5, Title - Island Point Lodge | 3 | $160.00 | $480.00 |
| | TOTAL | | | **$3887.00** |

**\*** Based on 1-10 persons on site

What is especially troubling is that Mr. Csonka and his company were aware since 1999 of the legal requirement for permits if they wished to film on National Forest System land, and they blatantly ignored such requirements for several years.

Executive Producer Tami Murray applied for a commercial filming permit in October, 1999, for filming of a Mountain Goat hunt in the Tongass National Forest. (Exhibit 3 at 5). The permit was issued October 7, 1999, but the hunt was ultimately canceled due to bad weather. Id. at 13, 4. In a November 8, 1999, letter to Ms. Murray advising her of the refund thus due, Tongass National Forest District Ranger James S. Franzel discussed possible filming by the company in the next year. Offering to assist and encouraging contact with his staff as soon as possible, Franzel explained "[t]he permit would be valid through December 31st of the year issued, and only one permit would be needed. If some of your filming is planned to occur on other Ranger Districts, my staff will work to secure the proper permissions from those Districts". Id. at 3. Mr. Csonka may lament that the permit system is "too complicated" or that it is too difficult to tell whether a location is on National Forest System property, yet here was an immediate source of assistance.

No permit was obtained for the filming at Blind River in August, 2002. Executive Producer/Co-Host Audrey Bradshaw admitted that the filming had occurred; she was advised by the Forest Service that a permit had been required, and

that an application should be submitted for an after-the-fact permit. The Forest Service never received a request or application for a special use permit for filming at Blind River.

Then in September, 2005, Zonk! Productions filmed another episode for the televison show *North to Alaska* in the Alaganik Slough at Cordova, Alaska. This filming was for a show on the Chugach National Forest and, again, no permit was obtained. This continuing and arrogant disregard of federal regulations in order to profit privately from the commercial use of property belonging to every U.S. citizen disrespects the law. What on one occasion is a minor offense, becomes more egregious and deserving of more severe punishment as the pattern of behavior is repeated.

### III. REQUEST THAT ALL FILM FOOTAGE AND COPIES THEREOF RELEVANT TO COUNT 2 BE DEEMED CONTRABAND AND ORDERED DESTROYED

In the Plea Agreement filed with the court, Csonka agreed to a condition of probation that "none of the footage filmed on National Forest Service property during the trip to Cordova beginning on August 31, 2005, will ever be used for a commercial purpose." Dkt. 4 at 2, 5-6. However, because it is a condition that will be difficult to monitor, and because the film was illegally made and, therefore, is illegal to possess, the United States requests that the film and all copies thereof be turned over

to the United States Forest Service as contraband and ordered destroyed.

The statute Csonka violated, 36 C.F.R. § 261.10, prohibits certain types of occupancy and use within the National Forest System. Specifically, §261.10(c) prohibits "selling or offering for sale any merchandise or conducting any kind of work activity or service unless authorized by Federal law, regulation, or special-use authorization." The definition in the statute of "Commercial use or activity" is "any use or activity on National Forest System lands ... (b) where the primary purpose is the sale of a good or service, ...., regardless of whether the use or activity is intended to produce a profit." 36 C.F.R § 261.2.

Black's Law Dictionary defines contraband as, "1. Illegal or prohibited trade; smuggling. 2. Goods that are unlawful to import, export, or possess." BLACK'S LAW DICTIONARY (8th ed. 2004). Goods or property become unlawful to possess because of extrinsic circumstances. See <u>United States v. 144,774 Pounds of Blue King Crab</u>, 410 F.3d 1131, 1135 (9th Cir. 2005). Property that is illegal to possess includes items that may be legally possessed in some circumstances, but that become illegal to possess in others - the item is not inherently unlawful, but was received and acquired in a way that rendered it illegal to possess. For example, liquor or cigarettes legally possessed by consumers may become illegal to possess if they fail to bear the appropriate tax stamps. <u>Id</u>.

The films, whose primary purpose is the sale of a good or service, resulted from the illegal conduct admitted to in Count 2, and are now intrinsically illegal to possess. Goods or property which are illegal to possess are contraband, and therefore, should be destroyed. Such a financial loss may finally get not only Mr. Csonka's attention, but also that of other companies and individuals who wish to personally profit from public lands.

## IV.   SENTENCING RECOMMENDATION

CSONKA has admitted committing the acts in question, although his admissions seek to excuse and minimize his conduct. Zonk! Productions is a company created by him which has filmed on public lands for his, his company's, and his sponsors' personal profits. The illegal conduct involved in this case was not a one time occurrence; even with knowledge of the permitting process, the legal requirements were ignored again and again. Pursuant to the sentencing factors set forth in 18 U.S.C. § 3553, the government recommends:

(A)   A sentence of one (1) year of probation;

(B)   Restitution in the amount of $3887.00, to be paid through the Clerk of the Court to the Petersburg Ranger District, USDA Forest Service, 12 North Nordic Dr., P.O. Box 1328, Petersburg, AK 99833-1328;

(C)   A fine of $5000;

(D)   A mandatory special assessment in the amount of $10.

(E)   An order that the original and all copies of films made on National Forest System land during the trip to Cordova beginning on August 31, 2005, be turned over to National Park Service law enforcement officers and destroyed.

RESPECTFULLY SUBMITTED this 12th day of April, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

 s/ Retta-Rae Randall
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2006,
a copy of the foregoing  was served
electronically on Kevin T. Fitzgerald,
and was placed at the front desk of the
USAO for Karen M. Brewer
U.S. Probation/Pretrial Services Officer..

s/Retta-Rae Randall